**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ANAHIT SIMONYAN, | No. 09-70877 |
| Petitioner, | Agency No. A098-156-803 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2013[**]
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and KENDALL, District Judge.[***]

Anahit Simonyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") final order dismissing her appeal from

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Virginia M. Kendall, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the BIA's determination to dismiss the petition based on a finding of adverse credibility. *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011) (adverse credibility findings reviewed for substantial evidence); *Hosseini v. Gonzalez*, 471 F.3d 953, 957 (9th Cir. 2006) (review is limited to the BIA decision when the BIA conducted its own review of the evidence and law, except to the extent that the IJ opinion is expressly adopted). We are bound to uphold a negative credibility determination where the inconsistencies that are identified go to the "heart" of the asylum claim. *See Wang v. I.N.S.*, 352 F.3d 1250, 1259 (9th Cir. 2003). An inconsistency goes to the "heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled." *Singh v. Gonzalez*, 439 F.3d 1100, 1108 (9th Cir. 2006). A single but significant inconsistency affecting the heart of a claim is sufficient to make a negative credibility finding; however, even minor inconsistencies taken as a whole can be considered if they deprive the totality of the evidence of a "ring of truth." *See Rizk v. Holder*, 629 F.3d 1083, 1087–88 (9th Cir. 2011); *Kaur v. Gonzalez*, 418 F.3d 1061, 1067 (9th Cir. 2005).

The record does not compel reversal of the agency's findings that Simonyan testified inconsistently throughout both her written declaration and her oral testimony before the IJ, and that the inconsistencies went to the heart of her claims and undermined her credibility. Simonyan applied for asylum based on her environmental activism in Armenia and persecution for that activism. The agency focused on several independent inconsistencies that the agency concluded undermined her credibility, including Simonyan's lack of knowledge about seemingly obvious details about the political environment in Armenia in which she claimed to be immersed, inconsistent statements regarding her sister's exposure to radiation, and material omissions in the dates of her schooling when she alleged that she had conducted many of the political demonstrations that drew persecution from authorities while enrolled in those schools.

The BIA also properly affirmed the IJ's recognition of the absence of corroborating documentation to support Simonyan's claim as a further basis to conclude that Simonyan could not meet her burden of proof for her asylum claim. An absence of corroborating documentation may be taken into account when the applicant's testimony has been found less than credible. *See Singh v. Gonzalez*, 491 F.3d 1019, 1026 (9th Cir. 2007) (reciting pre-REAL ID Act standard regarding corroborating documentation).

The absence of credible testimony, with no corroborating documentation, is fatal to Simonyan's claim of asylum.[1]

**PETITION DENIED.**

---

[1] Because Simonyan did not raise her withholding-of-removal and CAT claims in her opening brief, we deem those issues waived. *Rizk*, 629 F.3d at 1091 n.3.